## JOHN A. CODMAN & others *vs.* WILLIAM EVANS.

A declaration which alleges that the plaintiff was lawfully possessed of a certain close, and that the defendant, " well knowing the premises, wrongfully and injuriously kept and continued a building projecting and overhanging the plaintiff's said close, and before then wrongfully erected and built, projecting as aforesaid, for a long space of time," is a declaration in tort for a nuisance; and after the plaintiff has prevailed therein, no exception lies to an order of court entering judgment that the nuisance be abated.

TORT. The declaration was as follows :

" And the plaintiffs say that whereas they, before and at the time of the committing of the grievance hereinafter mentioned, were and from thence hitherto have been and still are lawfully possessed of a certain close, abutting on Tremont Street, so called, in said Boston, situate between the messuages now

numbered 175 and 176 on said street, and bounded westerly by said street; northerly by land of the defendant, to him conveyed by one Rice; easterly by a passage way running northerly, and leading to Mason Street, so called; and southerly by the northerly wall of the said messuage now numbered 176, on said Tremont Street, yet the said defendant, well knowing the premises, wrongfully and injuriously kept and continued, from and upon the southerly wall of his messuage numbered 175 as aforesaid, a certain building projecting and overhanging the plaintiff's said close, and before then wrongfully erected and built, projecting as aforesaid, for a long space of time, to wit, from the first day of May last past hitherto."

After it had been determined that the plaintiffs should prevail in this action, (5 Allen, 308,) they moved in the superior court for judgment that the building mentioned in the declaration be abated and removed, in so far as it overhangs their land described therein, and that a warrant be issued to the proper officer requiring him to abate and remove the same at the expense of the defendant, in like manner as public and common nuisances are removed; and it was thereupon considered and adjudged by the court that the building or bay-windows, overhanging the plaintiff's close, be abated and removed. The defendant appealed to this court.

*G. O. Shattuck,* for the defendant. The first action brought between these parties merely decided that the defendant's structure overhangs the plaintiffs' land, and that the defendant was a trespasser; but not that there were any such consequential injuries that case would lie. 1 Allen, 443. The judgment in the present case was also in effect a judgment of trespass. The court assumed that the plaintiffs' close might be a highway. 5 Allen, 308. *Robbins* v. *Borman,* 1 Pick. 122. *Adams* v. *Emerson,* 6 Pick. 57. *Goodtitle* v. *Alker,* 1 Burr. 142. No private action can be maintained for a nuisance to a highway, unless special damage be shown. *Mayhew* v. *Norton,* 17 Pick. 357. Though case would lie for consequential damages from the defendant's bay-windows, yet trespass would also lie. *Fay* v. *Prentice,* 1 C. B. 828, 835. *Wells* v. *Ody,* 1 M. & W 462.

There is no averment in this declaration of any consequential injury. Com. Dig. Action upon the Case, B 6. *Scott* v. *Shepherd,* 1 Smith's Lead. Cas. 210, 218. *Hudson* v. *Nicholson,* 5 M. & W. 437. *Holmes* v. *Wilson,* 10 Ad. & El. 503. The Gen. Sts. *c.* 139, apply only to nuisances proper, for which case will lie; and not to trespasses. *Bemis* v. *Clark,* 11 Pick. 452.

*C. A. Welch,* ( *W. S. Dexter* with him,) for the plaintiffs, cited, in addition to cases cited for the defendant, *Lawrence* v. *Obee,* 1 Stark. R. 22 ; *Baten's case,* 9 Co. 53 *b ;* 2 Rol. Ab. 140, 141 ; Com. Dig. Action upon the Case for a Nuisance, D 4 ; 1 Chit. Pl. (6th Amer. ed.) 143, 159, 206.

BIGELOW, C. J. The only question open on this appeal is, whether there is anything on the record from which it appears that the judgment for an abatement of the nuisance rendered by the court below is erroneous in law. The authority to render such a judgment in an action of tort for a private nuisance is expressly conferred on the court where the action is pending, by Gen. Sts. *c.* 139, §§ 1, 3. If an action is for the first time brought for the creating and maintaining of a nuisance, it is within the discretion of the court to render such judgment ; if a second suit is brought for a continuance of the same nuisance, for which a judgment has previously been rendered, the plaintiff is entitled as of right to a judgment for an abatement. In either case, no exception lies to the exercise of the power by the court, nor can an appeal be taken from the judgment, if the record show that the action is one which may properly be designated as an action of tort for a nuisance.

On reference to the declaration in the present case, it is clear that it may properly be regarded as in the nature of an action on the case for consequential injuries to the plaintiff's estate. It has not the peculiar characteristics of an action of trespass to real property, either at common law or under the forms appended to the practice act. Gen. Sts. *c.* 129. There is no allegation that the wrong or injury was committed " with force and arms " or " forcibly." 1 Chit. Pl. (6th Amer. ed.) 144. It may be that an action of trespass might have been brought for the erection and continuance of the structure described in the

declaration, and that, on proof of the plaintiffs' title, and of the facts and circumstances connected with the alleged wrongful act of the defendant, such action would be the only appropriate and proper remedy. But that is not the question before us on this record. We are not called on to decide a question of variance between allegations and proofs, but only to determine the nature of the action in which the judgment appealed from was rendered. It seems to us that on this point there can be no doubt. According to the strictness of the ancient forms of pleading, the declaration in this action would have been a good count in an action on the case. This clearly appears by reference to *Baten's case*, 9 Co. 53 *b*, in which it will be found that the declaration, *mutatis mutandis*, is almost identical with that in the case at bar. The same is true of the declaration in the recent case of *Fay* v. *Prentice*, 1 C. B. 828. It is true that in this last case there was an allegation of special damage in its nature consequential, but it was expressly held that the action might be maintained for other damage which was not alleged. And in *Baten's case, ubi supra*, it was adjudged that the plaintiff need not assign in a count in case for a nuisance any special nuisance. It is sufficient if it appears from the declaration that the nature of the structure is such that consequential damage would be occasioned by the flow or dropping of water therefrom, and that other similar injuries might ensue to the plaintiffs' property.

The error of the defendant consists in supposing that we can travel out of the record, and that, by reference to the proceedings in the former action between these parties, and to the questions heretofore determined in this suit, we can judicially ascertain that this action can be supported by the plaintiffs only as an action of trespass. But this we cannot do. The objection that the facts did not support the declaration should have been taken at an earlier stage of the case. It is now too late to raise it. It is sufficient to warrant the judgment for abatement, that the declaration is in form an action of tort for a nuisance                                           *Judgment affirmed.*